NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD D. SMITH and NANCY A. SMITH, INDIVIDUALLY and as PERSONAL REPRESENTATIVES OF ANDREW ROBERT SMITH,<br><br>  Plaintiffs,<br><br>  v.<br><br>RESORT CONDOMINIUMS INTERNATIONAL, INC., VILLAS SOLARIS, S.A. de C.V. (VISOSA), HOTEL Y VILLAS SOLARIS CANCUN, ROYAL SOLARIS CARRIBEAN (CANCUN), CLUB SOLARIS, MITSUBISHI ELECTRIC de MEXICO S.A. de C.V., JOHN DOE 1-5, MARY DOE 1-5, and/or DOE CORPORATION,<br><br>  Defendants. | Hon. Garrett E. Brown, Jr.<br><br>Civil Action No. 07-437 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN**, Chief Judge:

This matter comes before the Court on Plaintiffs' motion for reconsideration (Doc. Nos. 54 and 55) of the Opinion and Order entered by the Honorable Harold A. Ackerman, Senior United States District Judge. For the following reasons, Plaintiffs' motion will be denied.

*Background*

In June 2006, Plaintiffs Harold D. Smith and Nancy A. Smith traveled to Cancun, Mexico and stayed at the hotel Club Solaris. During their stay, their son Andrew sustained injuries and subsequently died after falling down an open elevator shaft. In their Amended Complaint, Plaintiffs alleged that Mitsubishi Electric de Mexico, S.A. de C.V. ("Defendant") negligently

failed to carry out its duty to operate, service, repair, maintain, and control the elevator. Defendant filed a motion to dismiss for lack of personal jurisdiction, and following jurisdictional discovery, Plaintiffs filed a cross-motion to transfer jurisdiction to the Southern District of New York.  On July 9, 2009, Judge Ackerman granted Defendant's motion to dismiss, concluding that the Court could not exercise personal jurisdiction over Defendant.  (Doc. No. 53.)  Judge Ackerman also concluded that New York courts could not exercise personal jurisdiction and therefore denied Plaintiffs' motion to transfer.  On July 22, 2009, Plaintiffs filed a motion for reconsideration of Judge Ackerman's Opinion and Order.[1]

## *Analysis*

The Third Circuit has made clear that a motion for reconsideration should only be granted in three situations:  (1) when an intervening change in controlling law has occurred; (2) when new, previously unavailable, evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  If none of those three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case."  *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'"  *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (quoting *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)).

Applying this standard to the facts of this case, the Court concludes that Plaintiffs'

---

[1] By order of August 10, 2009, the instant matter was reassigned to the undersigned.

motion for reconsideration must be denied.  Plaintiffs simply disagree with Judge Ackerman's decisions and argue that Judge Ackerman overlooked essential facts in denying their motion to transfer.  Specifically, Plaintiffs contend that deposition testimony established that Defendant had previously delivered traction motors to New York for use by the Long Island Railroad, which Plaintiffs argue proves that Defendant conducted business in New York and is therefore subject to personal jurisdiction in that state.  Judge Ackerman addressed that argument and properly concluded that the deposition testimony did not establish a prima facie showing that Defendants had any contacts with New York, let alone the continuous and systematic contacts required for general personal jurisdiction in New York.

Plaintiffs' motion for reconsideration is premised on arguments that were already addressed by Judge Ackerman.  Plaintiffs have failed to present a change in law, new evidence, or a clear error in Judge Ackerman's decision.  Plaintiffs do not advance an appropriate ground for reconsideration with regard to transfer or jurisdictional discovery, and thus, Plaintiffs' motion will be denied.

## Conclusion

For the foregoing reasons, this Court will deny Plaintiffs' motion for reconsideration (Doc. Nos. 54 and 55).  An appropriate form of order accompanies this Memorandum Opinion.

Dated: September 11, 2009
Newark, New Jersey

                                           S/Garrett E. Brown, Jr.
                                        Garrett E. Brown, Jr., Chief Judge
                                        United States District Court